# Exhibit 1

# CASE SUMMARY
## CASE NO. 3659

| | | | |
|---|---|---|---|
| Bigfoot Energy Services, LLC vs.Diamond Construction, Inc. | § § § § | Location: Judicial Officer: Filed on: | County Court at Law McPherson, Rick 12/01/2023 |

---

### CASE INFORMATION

Case Type: **Civil Case - Other**

Case Status: **12/01/2023  Filed**

---

### PARTY INFORMATION

*Attorneys*

**Plaintiff**   **Bigfoot Energy Services, LLC**   **O'Conor, Robert D**
*Retained*
713-647-7511(W)

**Defendant**   **Diamond Construction, Inc.**

---

| DATE | EVENTS & ORDERS OF THE COURT |
|---|---|
| 12/01/2023 | Certified Mail-Unexecuted |
| 12/01/2023 | Original Petition (OCA) *Plaintiff's Original Petition for Declaratory Judgment and Fraud* |
| 12/06/2023 | REQUEST *for Citation* |
| 12/07/2023 | Certified Mail-Executed |
| 12/14/2023 | **Citation** Diamond Construction, Inc. Served: 12/12/2023 |
| 01/04/2024 | REQUEST *for Certified Copies* |

---

| DATE | FINANCIAL INFORMATION |
|---|---|

**Defendant**  Diamond Construction, Inc.
Total Charges                                           37.00
Total Payments and Credits                              37.00
**Balance Due as of  01/04/2024**                       **0.00**

**Plaintiff**  Bigfoot Energy Services, LLC
Total Charges                                          494.00
Total Payments and Credits                             494.00
**Balance Due as of  01/04/2024**                       **0.00**



A TRUE COPY
I hereby certify
Bobbie Davis
COUNTY CLERK
PANOLA COUNTY, TEXAS
JACKIE McDONALD
DEPUTY CLERK

PAGE 1 OF 1        1   Page of  34   Pages   *Printed on 01/04/2024 at 9:30 AM*

JAN 0 4 2024

Filed 12/1/2023 9:47 AM
Bobbie Davis, County Clerk
Panola County, Texas
By: Jackie McDonald
3659

3659

CAUSE NO. _____

| | | |
|---|---|---|
| **BIGFOOT ENERGY SERVICES, LLC,** | § | **IN THE COUNTY COURT** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **AT LAW** |
| | § | |
| **DIAMOND CONSTRUCTION, INC.,** | § | |
| | § | |
| **Defendant.** | § | **PANOLA COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION
## FOR DECLARATORY JUDGMENT AND FRAUD

To The Honorable Judge Of Said Court:

Bigfoot Energy Services, LLC, ("Plaintiff" or "Bigfoot") files this Plaintiff's Original
Petition for Declaratory Judgment and Fraud ("Petition") against Diamond Construction, Inc.
("Defendant" or "Diamond") (Plaintiff and Defendant collectively, the "Parties"), and would
respectfully show the Court the following:

### I. Summary of This Lawsuit

1.      A real dispute exists about whether Defendant should have engaged in repairs to a
trailer in the amount of $45,999.99 (tax included), or whether the trailer should've been rendered
a total loss; as such, Plaintiff files this Declaratory Judgment action.  Plaintiff asserts that
Defendant never should have performed repairs to Plaintiff's trailer because the trailer should have
been rendered a total loss. However, Defendant failed to render the trailer a total loss and decided
to repair it to reap a benefit of $42,563.03 (labor and materials).  This lawsuit has been filed to ask
this Court to determine whether the Defendant performed unnecessary services to benefit itself at
the expense of Plaintiff, and to hold Defendant accountable for its fraud.



A TRUE COPY
I hereby certify
Bobbie Davis
COUNTY CLERK
PANOLA COUNTY, TEXAS
JACKIE McDONALD
DEPUTY CLERK

## II.  Discovery Control Plan

2.      Plaintiff pleads that discovery should be conducted under Level 1, TEX. R. CIV. P. 190.4 and in accordance with a discovery control plan tailored to the circumstances in this suit.

## III.  Parties and Service

3.      Plaintiff Bigfoot Energy Services, LLC, is a Texas Limited Liability Company with its principal office located in Carthage, Panola County, Texas.

4.      Defendant Diamond Construction, Inc., is a Louisiana business corporation, and may be served with process through its registered agent, Robert S. Haynes, 27687 Highway 157, Shongaloo, Louisiana 71072, or wherever he may be found.

## IV.  Venue and Jurisdiction

5.      This is a suit for declaratory relief, pursuant to the Texas Declaratory Judgment Act ("TDJA"), and fraud concerning an invoice for payment for alleged repair services on a trailer. Venue is proper in Panola County, Texas the Parties' performance concerning these services took place, in whole or in part, in this County.

6.      The damages and relief sought by Plaintiff are within the jurisdictional limits of the court.  Plaintiff seeks monetary relief of less than $65,000, inclusive of attorneys' fees.

7.      This Court has personal jurisdiction over Defendant because Defendant conducted business in Panola County with a Panola County-based company; Defendant solicited Plaintiff's business in Panola County, Texas; and Defendant committed fraud in Panola County, Texas by submitting an invoice for payment to Plaintiff in this County for services that never should have been performed.

## V.  Factual Background

8.      As noted in the summary above, this declaratory judgment and fraud action concerns the Parties' dispute about welding and repair services Defendant allegedly made to a

2



A TRUE COPY
I hereby certify
Bobbie Davis
COUNTY CLERK
PANOLA COUNTY, TEXAS
JACKIE McDONALD
DEPUTY CLERK

trailer owned by Plaintiff.

9.      On July 12, 2023, Defendant submitted Invoice No. 114301 to Bigfoot at its place of business located at 932 South Shelby Road, Carthage, Texas 75633, for repair services allegedly performed on a trailer owned by Plaintiff.  The invoice described 261 hours of work, and a total bill of $45,999.99.  See Exhibit 1, attached hereto, the invoice in question.

10.     The repair work on Plaintiff's trailer never should have been performed by Defendant.  Instead, Defendant should have told Plaintiff that its trailer had been totaled, since the repair costs exceeded 75% of the cash value of the trailer.  Even if a new trailer cost of $50,000 is used as a value metric, the repair costs exceeded this 75% threshold.  Alternatively, the value of the repair costs plus the salvage value of the trailer exceeded the fair market value of the used trailer Defendant repaired.  Thus, under any metric, repairs never should have been performed.

11.     Instead of advising Plaintiff that repairs should not have been performed because the trailer was rendered a total loss, Defendant performed the repairs.  This action only served to benefit Defendant since it stood to gain $42,563.03.

12.     In any event, Defendant performed work that never should have been done to repair the trailer, and its invoice represents an excessive and unreasonable charge.  Defendant knew this, but proceeded to perform the work and submitted a fraudulent invoice to Plaintiff.

13.     The Parties attempted to work out these issues; however, these attempts failed and this lawsuit had to be filed.

## VI.  Causes of Action

**A.      Declaratory Judgment.**

14.     Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

15.     Pursuant to the TDJA, Plaintiff asks this court to determine whether Defendant

A TRUE COPY
I hereby certify
Bobbie Davis
COUNTY CLERK
PANOLA COUNTY, TEXAS
JACKIE McDONALD
DEPUTY CLERK

4   Page of  34  Pages

JAN 0 4 2024

should be paid its excessive invoice.  A justiciable controversy of sufficient immediacy and reality exists between Plaintiff and Defendant, warranting this Court's declaration of the Parties' rights, status or other legal relations concerning this disagreement.  Plaintiff is further entitled to recover its reasonable and necessary attorney's fees as are equitable and just pursuant to Section 37.009 of the Texas Civil Practice and Remedies Code.

16.     In the alternative, if this Court finds that Defendant performed compensable work, then it should determine the amount that Plaintiff should pay Defendant.  Plaintiff contends that the invoiced amount is patently unreasonable, given these circumstances (total loss), and that the invoice should be significantly reduced, if not vitiated by Defendant's fraud.  For example, the average U.S. welder makes $50,000/year.  This represents a $25/hour labor cost.  Defendant more than tripled this amount by charging Plaintiff $85/hour.  Plaintiff never agreed to this rate in any purchase order (no purchase order is reflected in the invoice), and the rate represents an excessive fee for welding services in Louisiana.  Likewise, the materials were substantially overpriced, and Defendant did not include line items for the materials used and cannot reasonably justify these costs.

**B.     Claim for Attorney's Fees under TDJA.**

17.     Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

18.     As a result of the need for a judicial declaration of the Parties' here, Plaintiff has been compelled to engage the services of the law firm of O'Conor, Mason & Bone, P.C., licensed attorneys, to represent Plaintiff in this matter, and have further agreed to pay said attorneys a reasonable fee for their services.  Plaintiff seeks recovery of its reasonable and necessary attorney's fees and costs incurred in the prosecution of Plaintiff's case as are equitable and just pursuant to Section 37.009 of the Texas Civil Practice & Remedies Code.



A TRUE COPY
I hereby certify
Bobbie Davis
COUNTY CLERK
PANOLA COUNTY, TEXAS
JACKIE McDONALD
DEPUTY CLERK

5  Page of 34 Pages

JAN 0 4 2024

**C.     Claim for Fraud.**

19.     Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

**A.     The defendant made a representation to the plaintiff.**

20.     Defendant, by and through its employees and authorized agents, represented to Plaintiff that its trailer should be repaired.

**B.     The representation was material.**

21.     Defendant's representation was material to Plaintiff's decision to repair the trailer.  However, Defendant knew upon its inspection of the trailer that the anticipated repair costs rendered the trailer a total loss.

**C.     The representation was false.**

22.     Defendant falsely represented that the trailer should be repaired.  It knew that the cost of repair rendered the trailer a total loss.

**D.     When the defendant made the representation, the defendant: (a) knew the representation was false, or (b) made the representation recklessly, as a positive assertion, and without knowledge of its truth.**

23.     Defendant represented that the trailer should be repaired when its visual inspection of the trailer established that it was a total loss.  Defendant knew its representation about repair was false or made the representation recklessly, as a positive assertion, and without knowledge that the repairs should not be undertaken.

**E.     The defendant made the representation with the intent that the plaintiff act on it.**

24.     Defendant made its representation that the trailer should be repaired with the intent that Plaintiff would act on it.  Defendant knew that the trailer should not be repaired based upon its visual inspection of it.  Plaintiff reasonably thought that Defendant knew how to make these

5



A TRUE COPY
I hereby certify
Bobbie Davis
COUNTY CLERK
PANOLA COUNTY, TEXAS
JACKIE McDONALD
DEPUTY CLERK

Page of 34 Pages

JAN 0 4 2024

evaluations and relied upon this representation to repair the trailer.  In fact, Defendant hid from Plaintiff that the repairs would only serve Defendant's interests.

**F.      The plaintiff relied on the representation.**

25.      Plaintiff relied upon Defendant's representation that repairs should be affected to Defendant's trailer.

**G.      The representation caused the plaintiff injury.**

26.      Defendant caused Plaintiff injury as follows:  (1) the repairs never should have been made and Plaintiff received a $45,999.99 repair cost that it should not have received; (2) Plaintiff pledged the trailer to a creditor that now insists on a return of the trailer, yet Defendant is holding it hostage while it claims, wrongfully, that Plaintiff is indebted to Defendant, resulting in a double liability to Plaintiff on this single trailer; and (3) the costs Defendant billed were patently unreasonable, as described above.

## VII.  Conditions Precedent

27.      All conditions precedent to Plaintiff's claims for relief have been performed, have occurred, or have been waived.

## VIII.  Prayer

28.      WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that, upon final hearing hereof, the Court render final judgment against Defendant, and that Plaintiff be granted the following relief:

a.      A judgment from the Court declaring Plaintiff owes nothing on the disputed invoice; alternatively, that the invoice is unreasonable and finding that reductions are required;

b.      An award of Plaintiff's reasonable and necessary attorneys' fees and expenses incurred in the prosecution of Plaintiff's case as are equitable and just pursuant to Section 37.009 of the Texas Civil Practice & Remedies Code;

c.      All damages proximately caused by Defendant's fraud;

6

A TRUE COPY
I hereby certify
Bobbie Davis
COUNTY CLERK
PANOLA COUNTY, TEXAS
JACKIE McDONALD
DEPUTY CLERK

d.      Prejudgment and post-judgment interest as allowed by law;

e.      All costs of suit; and

f.      All other relief, at law and in equity, to which Plaintiff may be justly entitled.

**DATED:** November 30, 2023            Respectfully submitted,


By: /s/ *Robert D. O'Conor*
    **Robert D. O'Conor**
    State Bar No. 15191250
    **O'CONOR, MASON & BONE, P.C.**
    1616 S. Voss, Suite 200
    Houston, Texas 77057
    Telephone: (713) 647-7511
    Facsimile: (713) 647-7512
    Email:  boconor@ombtxlaw.com

    **ATTORNEYS FOR PLAINTIFF**

A TRUE COPY
I hereby certify
Bobbie Davis
COUNTY CLERK
PANOLA COUNTY, TEXAS
JACKIE McDONALD
DEPUTY CLERK

8  Page of 34  Pages
JAN 0 4 2024

Diamond Construction, Inc.

# Invoice

P.O. Box 7
Haynesville, LA 71038
(318)846-2641

| Date | Invoice # |
|------|-----------|
| 7/12/2023 | 114301 |

| Bill To | Ship To |
|---------|---------|
| BigFoot Energy Service<br>932 South Shelby<br>Carthage, TX  75633 | |

| P.O. Number | Terms | Rep | Ship | Via | F.O.B. | Project |
|-------------|-------|-----|------|-----|--------|---------|
| | Due on receipt | | 7/12/2023 | | | |

| Quantity | Item Code | Description | Price Each | Amount |
|----------|-----------|-------------|-----------|--------|
| 261 | Labor | Labor to refurbish crushed aluminum tank | 85.00 | 22,185.00T |
| 1 | Material | Materials to refurbish tank trailer as requested; 5 ft aluminum tank section, 12 ring ribs, 2 hose troughs, front and reat sections of hose troughs, 1 aluminum fender, 20" aluminum man way, 1 light box, 3 tombstone roll overs, 20' 2x2x1/4 aluminum sq tubing, 2 4" aluminum flat face 150 flanges, fender U-bolts, gaskets and studs, running lights and marker lights. | 20,378.03 | 20,378.03T |
| | | ** tank trailer was pressure tested upon completion of work ** | | |
| | | Sales Tax | | 3,436.96 |

| Thank you for your business! | | **Total** | $45,999.99 |
|---|---|---|---|

**EXHIBIT 1**    9  Page of  34  Pages

A TRUE COPY
I hereby certify
Bobbie Davis
COUNTY CLERK
PANOLA COUNTY, TEXAS
JACKIE McDONALD
DEPUTY CLERK

JAN 0 4 2024

Citation by Certified Mail

**Clerk of the Court:**
Bobbie Davis, County Clerk
110 South Sycamore, Room 201
Carthage, TX 75633

**Attorney or Person Filing Cause:**
Robert D O'Conor
1616 S Voss Street Suite 200
Houston TX 77057

## The State of Texas
Citation
Cause # 3659
Bigfoot Energy Services, LLC vs. Diamond Construction, Inc.

To:   Diamond Construction, Inc.
      Agent: Robert S. Haynes
      27687 Hwy 157
      Shongaloo, LA 71072

You are hereby commanded to appear by filing a written answer to Plaintiff's Original Petition with the Panola County Clerk at or before 10:00 AM of the Monday next after the expiration of twenty (20) days after the date of service hereof.  This case is presently pending in the County Court at Law of Panola County, Texas, A copy of Plaintiff's Original Petition, which was filed December 01, 2023 accompanies this citation.

**Notice to Defendant:  You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 AM on the Monday next following the expiration of twenty (20) days after the date you were served this Citation and Petition, a default judgment may be taken against you.  In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit.  These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.**

Issued and given under my hand and seal of said Court at office in Carthage, Texas, this the 1st day of December, 2023.

Bobbie Davis, County Clerk
Panola County, Texas

By:  Jackie McDonald, Deputy County Clerk

### Certificate of Delivery by Certified Mail

Came to hand on December 01, 2023 at _____ o'clock AM / PM and executed the December 01, 2023, by mailing the same to Diamond Construction, Inc., No Known Address by certified mail, return receipt requested, a true copy of this Citation with a copy of the Petition attached thereto.

Bobbie Davis, County Clerk
Panola County, Texas

By:  Jackie McDonald, Deputy County Clerk

*Attach receipt for mail services and return receipt with signature here:*

A TRUE COPY
I hereby certify
Bobbie Davis
COUNTY CLERK
PANOLA COUNTY, TEXAS
JACKIE McDONALD
DEPUTY CLERK

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

Certified Mail Fee
$ 4.35

Extra Services & Fees *(check box, add fee as appropriate)*
☑ Return Receipt (hardcopy)          $ 3.55
☐ Return Receipt (electronic)        $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required           $
☐ Adult Signature Restricted Delivery $

Postage
$ .87

Total Postage and Fees
$ 8.77

Postmark Here

CARTHAGE TX 756__
USPS

Sent To
Diamond Co Inc / C/O Robert Haynes
Street and Apt. No., or PO Box No.
2108 Hwy 157
City, State, ZIP+4
Mondaloo, LA 71072

PS Form 3800, April 2015 PSN 7530-02-000-9047          See Reverse for Instructions

7020 3160 0001 9809 0266

A TRUE COPY
I hereby certify
Bobbie Davis
COUNTY CLERK
PANOLA COUNTY, TEXAS
JACKIE McDONALD
DEPUTY CLERK



**CERTIFIED MAIL**

**Bobbie Davis, County Clerk**
Panola County Courthouse
110 S. Sycamore, Room 201
Carthage, Texas 75633

SHREVEPORT LA 710    NEOPOST
DEC 2023 PM 3 L    12/01/2023
US POSTAGE    $008.77

FIRST-CLASS MAIL



ZIP 75633
041M11297753

7020 3160 0001 6086 0266

Diamond Construction Inc.
C/O Robert S. Haynes
27687 HWY 157
Shongaloo

711 HFE 1  521I5613/02/23
FORWARD TIME EXP  RTN TO SEND
: DIAMOND CONSTRUCTION
PO BOX 7
HAYNESVILLE LA 71038-0007
RETURN TO SENDER

Filed 12/1/2023 9:47 AM
Bobbie Davis, County Clerk
Panola County, Texas
By: Jackie McDonald
3659

3659

CAUSE NO. _____

| | | |
|---|---|---|
| BIGFOOT ENERGY SERVICES, LLC, | § | IN THE COUNTY COURT |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| V. | § | AT LAW |
| | § | |
| DIAMOND CONSTRUCTION, INC., | § | |
| | § | |
| **Defendant.** | § | PANOLA COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION
## FOR DECLARATORY JUDGMENT AND FRAUD

To The Honorable Judge Of Said Court:

Bigfoot Energy Services, LLC, ("Plaintiff" or "Bigfoot") files this Plaintiff's Original Petition for Declaratory Judgment and Fraud ("Petition") against Diamond Construction, Inc. ("Defendant" or "Diamond") (Plaintiff and Defendant collectively, the "Parties"), and would respectfully show the Court the following:

### I. Summary of This Lawsuit

1.      A real dispute exists about whether Defendant should have engaged in repairs to a trailer in the amount of $45,999.99 (tax included), or whether the trailer should've been rendered a total loss; as such, Plaintiff files this Declaratory Judgment action. Plaintiff asserts that Defendant never should have performed repairs to Plaintiff's trailer because the trailer should have been rendered a total loss. However, Defendant failed to render the trailer a total loss and decided to repair it to reap a benefit of $42,563.03 (labor and materials). This lawsuit has been filed to ask this Court to determine whether the Defendant performed unnecessary services to benefit itself at the expense of Plaintiff, and to hold Defendant accountable for its fraud.


A TRUE COPY
I hereby certify
Bobbie Davis
COUNTY CLERK
PANOLA COUNTY, TEXAS
JACKIE McDONALD
DEPUTY CLERK

## II.  Discovery Control Plan

2.      Plaintiff pleads that discovery should be conducted under Level 1, TEX. R. CIV. P. 190.4 and in accordance with a discovery control plan tailored to the circumstances in this suit.

## III.  Parties and Service

3.      Plaintiff Bigfoot Energy Services, LLC, is a Texas Limited Liability Company with its principal office located in Carthage, Panola County, Texas.

4.      Defendant Diamond Construction, Inc., is a Louisiana business corporation, and may be served with process through its registered agent, Robert S. Haynes, 27687 Highway 157, Shongaloo, Louisiana 71072, or wherever he may be found.

## IV.  Venue and Jurisdiction

5.      This is a suit for declaratory relief, pursuant to the Texas Declaratory Judgment Act ("TDJA"), and fraud concerning an invoice for payment for alleged repair services on a trailer. Venue is proper in Panola County, Texas the Parties' performance concerning these services took place, in whole or in part, in this County.

6.      The damages and relief sought by Plaintiff are within the jurisdictional limits of the court.  Plaintiff seeks monetary relief of less than $65,000, inclusive of attorneys' fees.

7.      This Court has personal jurisdiction over Defendant because Defendant conducted business in Panola County with a Panola County-based company; Defendant solicited Plaintiff's business in Panola County, Texas; and Defendant committed fraud in Panola County, Texas by submitting an invoice for payment to Plaintiff in this County for services that never should have been performed.

## V.  Factual Background

8.      As noted in the summary above, this declaratory judgment and fraud action concerns the Parties' dispute about welding and repair services Defendant allegedly made to a

2

JAN 0 4 2024

A TRUE COPY
I hereby certify
Bobbie Davis
COUNTY CLERK
PANOLA COUNTY, TEXAS
JACKIE McDONALD
DEPUTY CLERK

trailer owned by Plaintiff.

9.      On July 12, 2023, Defendant submitted Invoice No. 114301 to Bigfoot at its place of business located at 932 South Shelby Road, Carthage, Texas 75633, for repair services allegedly performed on a trailer owned by Plaintiff. The invoice described 261 hours of work, and a total bill of $45,999.99. See Exhibit 1, attached hereto, the invoice in question.

10.     The repair work on Plaintiff's trailer never should have been performed by Defendant. Instead, Defendant should have told Plaintiff that its trailer had been totaled, since the repair costs exceeded 75% of the cash value of the trailer. Even if a new trailer cost of $50,000 is used as a value metric, the repair costs exceeded this 75% threshold. Alternatively, the value of the repair costs plus the salvage value of the trailer exceeded the fair market value of the used trailer Defendant repaired. Thus, under any metric, repairs never should have been performed.

11.     Instead of advising Plaintiff that repairs should not have been performed because the trailer was rendered a total loss, Defendant performed the repairs. This action only served to benefit Defendant since it stood to gain $42,563.03.

12.     In any event, Defendant performed work that never should have been done to repair the trailer, and its invoice represents an excessive and unreasonable charge. Defendant knew this, but proceeded to perform the work and submitted a fraudulent invoice to Plaintiff.

13.     The Parties attempted to work out these issues; however, these attempts failed and this lawsuit had to be filed.

### VI.  Causes of Action

A.      **Declaratory Judgment.**

14.     Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

15.     Pursuant to the TDJA, Plaintiff asks this court to determine whether Defendant

3


A TRUE COPY
I hereby certify
Bobbie Davis
COUNTY CLERK
PANOLA COUNTY, TEXAS
JACKIE McDONALD
DEPUTY CLERK



should be paid its excessive invoice. A justiciable controversy of sufficient immediacy and reality exists between Plaintiff and Defendant, warranting this Court's declaration of the Parties' rights, status or other legal relations concerning this disagreement. Plaintiff is further entitled to recover its reasonable and necessary attorney's fees as are equitable and just pursuant to Section 37.009 of the Texas Civil Practice and Remedies Code.

16.      In the alternative, if this Court finds that Defendant performed compensable work, then it should determine the amount that Plaintiff should pay Defendant. Plaintiff contends that the invoiced amount is patently unreasonable, given these circumstances (total loss), and that the invoice should be significantly reduced, if not vitiated by Defendant's fraud. For example, the average U.S. welder makes $50,000/year. This represents a $25/hour labor cost. Defendant more than tripled this amount by charging Plaintiff $85/hour. Plaintiff never agreed to this rate in any purchase order (no purchase order is reflected in the invoice), and the rate represents an excessive fee for welding services in Louisiana. Likewise, the materials were substantially overpriced, and Defendant did not include line items for the materials used and cannot reasonably justify these costs.

**B.      Claim for Attorney's Fees under TDJA.**

17.      Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

18.      As a result of the need for a judicial declaration of the Parties' here, Plaintiff has been compelled to engage the services of the law firm of O'Conor, Mason & Bone, P.C., licensed attorneys, to represent Plaintiff in this matter, and have further agreed to pay said attorneys a reasonable fee for their services. Plaintiff seeks recovery of its reasonable and necessary attorney's fees and costs incurred in the prosecution of Plaintiff's case as are equitable and just pursuant to Section 37.009 of the Texas Civil Practice & Remedies Code.

A TRUE COPY
I hereby certify
Bobbie Davis
COUNTY CLERK
PANOLA COUNTY, TEXAS
JACKIE McDONALD
DEPUTY CLERK

**C.      Claim for Fraud.**

19.      Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

**A.      The defendant made a representation to the plaintiff.**

20.      Defendant, by and through its employees and authorized agents, represented to Plaintiff that its trailer should be repaired.

**B.      The representation was material.**

21.      Defendant's representation was material to Plaintiff's decision to repair the trailer. However, Defendant knew upon its inspection of the trailer that the anticipated repair costs rendered the trailer a total loss.

**C.      The representation was false.**

22.      Defendant falsely represented that the trailer should be repaired. It knew that the cost of repair rendered the trailer a total loss.

**D.      When the defendant made the representation, the defendant: (a) knew the representation was false, or (b) made the representation recklessly, as a positive assertion, and without knowledge of its truth.**

23.      Defendant represented that the trailer should be repaired when its visual inspection of the trailer established that it was a total loss. Defendant knew its representation about repair was false or made the representation recklessly, as a positive assertion, and without knowledge that the repairs should not be undertaken.

**E.      The defendant made the representation with the intent that the plaintiff act on it.**

24.      Defendant made its representation that the trailer should be repaired with the intent that Plaintiff would act on it. Defendant knew that the trailer should not be repaired based upon its visual inspection of it. Plaintiff reasonably thought that Defendant knew how to make these

5



17  Page of  34  Page

JAN 0 4 2024

A TRUE COPY
I hereby certify
Bobbie Davis
COUNTY CLERK
PANOLA COUNTY, TEXAS
JACKIE McDONALD
DEPUTY CLERK

evaluations and relied upon this representation to repair the trailer. In fact, Defendant hid from Plaintiff that the repairs would only serve Defendant's interests.

**F.     The plaintiff relied on the representation.**

25.     Plaintiff relied upon Defendant's representation that repairs should be affected to Defendant's trailer.

**G.     The representation caused the plaintiff injury.**

26.     Defendant caused Plaintiff injury as follows: (1) the repairs never should have been made and Plaintiff received a $45,999.99 repair cost that it should not have received; (2) Plaintiff pledged the trailer to a creditor that now insists on a return of the trailer, yet Defendant is holding it hostage while it claims, wrongfully, that Plaintiff is indebted to Defendant, resulting in a double liability to Plaintiff on this single trailer; and (3) the costs Defendant billed were patently unreasonable, as described above.

### VII. Conditions Precedent

27.     All conditions precedent to Plaintiff's claims for relief have been performed, have occurred, or have been waived.

### VIII. Prayer

28.     WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that, upon final hearing hereof, the Court render final judgment against Defendant, and that Plaintiff be granted the following relief:

    a.     A judgment from the Court declaring Plaintiff owes nothing on the disputed invoice; alternatively, that the invoice is unreasonable and finding that reductions are required;

    b.     An award of Plaintiff's reasonable and necessary attorneys' fees and expenses incurred in the prosecution of Plaintiff's case as are equitable and just pursuant to Section 37.009 of the Texas Civil Practice & Remedies Code;

    c.     All damages proximately caused by Defendant's fraud;



A TRUE COPY
I hereby certify
Bobbie Davis
COUNTY CLERK
PANOLA COUNTY, TEXAS
JACKIE McDONALD
DEPUTY CLERK

d.    Prejudgment and post-judgment interest as allowed by law;

e.    All costs of suit; and

f.    All other relief, at law and in equity, to which Plaintiff may be justly entitled.


**DATED:** November 30, 2023          Respectfully submitted,


By: */s/ Robert D. O'Conor*
**Robert D. O'Conor**
State Bar No. 15191250
**O'CONOR, MASON & BONE, P.C.**
1616 S. Voss, Suite 200
Houston, Texas 77057
Telephone: (713) 647-7511
Facsimile: (713) 647-7512
Email:  boconor@ombtxlaw.com

**ATTORNEYS FOR PLAINTIFF**



19 Page of 34 Pages
JAN 0 4 2024



A TRUE COPY
I hereby certify
Bobbie Davis
COUNTY CLERK
PANOLA COUNTY, TEXAS
JACKIE McDONALD
DEPUTY CLERK

Diamond Construction, Inc.

P.O. Box 7
Haynesville, LA 71038
(318)846-2641

# Invoice

| Date | Invoice # |
|------|-----------|
| 7/12/2023 | 114301 |

| Bill To | Ship To |
|---------|---------|
| BigFoot Energy Service<br>932 South Shelby<br>Carthage, TX  75633 | |

| P.O. Number | Terms | Rep | Ship | Via | F.O.B. | Project |
|-------------|-------|-----|------|-----|--------|---------|
| | Due on receipt | | 7/12/2023 | | | |

| Quantity | Item Code | Description | Price Each | Amount |
|----------|-----------|-------------|------------|--------|
| 261<br>1 | Labor<br>Material | Labor to refurbish crushed aluminum tank<br>Materials to refurbish tank trailer as requested; 5 ft aluminum tank section, 12 ring ribs, 2 hose troughs, front and reat sections of hose troughs, 1 aluminum fender, 20" aluminum man way, 1 light box, 3 tombstone roll overs, 20' 2x2x1/4 aluminum sq tubing, 2 4" aluminum flat face 150 flanges, fender U-bolts, gaskets and studs, running lights and marker lights.<br>** tank trailer was pressure tested upon completion of work **<br>Sales Tax | 85.00<br>20,378.03 | 22,185.00T<br>20,378.03T<br><br><br><br><br>3,436.96 |

| Thank you for your business! | | **Total** | $45,999.99 |
|------------------------------|---|-----------|------------|

**EXHIBIT 1**

A TRUE COPY
I hereby certify
Bobbie Davis
COUNTY CLERK
PANOLA COUNTY, TEXAS
JACKIE McDONALD
DEPUTY CLERK

Filed 12/6/2023 3:41 PM
Bobbie Davis, County Clerk
Panola County, Texas
By: Jackie McDonald
3659



**OMB**

O'CONOR, MASON & BONE, P.C.
———— ATTORNEYS AT LAW ————

1616 S. Voss, Suite 200                                    Telephone: (713) 647-7511
Houston, Texas 77057                                       Facsimile: (713) 647-7512

December 6, 2023

**VIA E-FILE**

Panola County Clerk
110 S. Sycamore, Room 201
Carthage, Texas 75633

   Re: *Bigfoot Energy Services, LLC v. Diamond Construction, Inc.;* Cause No. 3659, in
     the County Court at Law, Panola County, Texas

Dear Clerk:

   We are requesting issuance of a new citation for the defendant, Diamond Construction, Inc.
Please issue a citation to be served at the following address:

   Diamond Construction, Inc.
   c/o Robert S. Haynes
   P.O. Box 7
   Haynesville, Louisiana 71038

   We are also requesting your office to serve the citation by certified mail, return receipt
requested.  The citation and certified mail fees will be paid upon filing of this request.

   Thank you for your assistance.  Please contact our office should you have any questions.

       Very truly yours,

       *Anna C. Ramirez*

       Anna C. Ramirez
       *Legal Assistant*

/acr

A TRUE COPY
I hereby certify
Bobbie Davis
COUNTY CLERK
PANOLA COUNTY, TEXAS
JACKIE McDONALD
DEPUTY CLERK

Citation by Certified Mail

| | |
|---|---|
| **Clerk of the Court:**<br>**Bobbie Davis, County Clerk**<br>**110 South Sycamore, Room 201**<br>**Carthage, TX 75633** | **Attorney or Person Filing Cause:**<br>**Robert D O'Conor**<br>**1616 S Voss Street Suite 200**<br>**Houston TX 77057** |

### The State of Texas
#### Citation
#### Cause # 3659
#### Bigfoot Energy Services, LLC vs. Diamond Construction, Inc.

To:     Diamond Construction, Inc.
        C/O Robert S. Haynes
        P.O. Box 7
        Haynesville, Louisiana 71038

You are hereby commanded to appear by filing a written answer to Plaintiff's Original Petition with the Panola County Clerk at or before 10:00 AM of the Monday next after the expiration of twenty (20) days after the date of service hereof.  This case is presently pending in the County Court at Law of Panola County, Texas, A copy of Plaintiff's Original Petition, which was filed December 01, 2023 accompanies this citation.

**Notice to Defendant:  You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 AM on the Monday next following the expiration of twenty (20) days after the date you were served this Citation and Petition, a default judgment may be taken against you.  In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit.  These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.**

Issued and given under my hand and seal of said Court at office in Carthage, Texas, this the 7th day of December, 2023.

Bobbie Davis, County Clerk
Panola County, Texas

*Jackie McDonald*

By  Jackie McDonald, Deputy County Clerk

#### Certificate of Delivery by Certified Mail

Came to hand on December 07, 2023 at _____ o'clock AM / PM and executed the December 07, 2023, by mailing the same to Diamond Construction, Inc., No Known Address by certified mail, return receipt requested, a true copy of this Citation with a copy of the Petition attached thereto.

Bobbie Davis, County Clerk
Panola County, Texas

*Jackie McDonald*

By  Jackie McDonald, Deputy County Clerk

*Attach receipt for mail services and return receipt with signature here:*

22  Page of  34  Pages

A TRUE COPY
I hereby certify
Bobbie Davis
COUNTY CLERK
PANOLA COUNTY, TEXAS
DEPUTY CLERK

JAN 0 4 2024



A TRUE COPY
I hereby certify
Bobbie Davis
COUNTY CLERK
PANOLA COUNTY, TEXAS
JACKIE McDONALD
DEPUTY CLERK

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Diamond Construction Inc.
C/o Robert S. Haynes
P.O. Box 7
Haynesville, TX LA 71038

9590 9402 8057 2349 6089 18

2. Article Number (Transfer from service label)

7020 3160 0001 6086 0150

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _Teri Ware_   ☐ Agent
                 ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
                                11/12/2023

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ _____ stricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053   Domestic Return Receipt

A TRUE COPY
I hereby certify
Robbie Davis
COUNTY CLERK
PANOLA COUNTY TEXAS
JACKIE McDONALD
DEPUTY CLERK
JAN 0 4 2024
Page of 34 Pages

USPS TRACKING #



9590 9402 8057 2349 6089 18

**United States
Postal Service**

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4® in this box•

Bobbie Davis, County Clerk
Panola County Courthouse
110 South Sycamore, Room 201
Carthage, Texas  75633



A TRUE COPY
I hereby certify
Bobbie Davis
COUNTY CLERK
PANOLA COUNTY, TEXAS
JACKIE McDONALD
DEPUTY CLERK

Page of 34 Pages

JAN 0 4 2024

Filed 12/1/2023 9:47 AM
Bobbie Davis, County Clerk
Panola County, Texas
By: Jackie McDonald
3659

3659
CAUSE NO. _____

| | | |
|---|---|---|
| BIGFOOT ENERGY SERVICES, LLC, | § | IN THE COUNTY COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | AT LAW |
| | § | |
| DIAMOND CONSTRUCTION, INC., | § | |
| | § | |
| Defendant. | § | PANOLA COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION
## FOR DECLARATORY JUDGMENT AND FRAUD

To The Honorable Judge Of Said Court:

Bigfoot Energy Services, LLC, ("Plaintiff" or "Bigfoot") files this Plaintiff's Original Petition for Declaratory Judgment and Fraud ("Petition") against Diamond Construction, Inc. ("Defendant" or "Diamond") (Plaintiff and Defendant collectively, the "Parties"), and would respectfully show the Court the following:

### I. Summary of This Lawsuit

1.     A real dispute exists about whether Defendant should have engaged in repairs to a trailer in the amount of $45,999.99 (tax included), or whether the trailer should've been rendered a total loss; as such, Plaintiff files this Declaratory Judgment action.  Plaintiff asserts that Defendant never should have performed repairs to Plaintiff's trailer because the trailer should have been rendered a total loss. However, Defendant failed to render the trailer a total loss and decided to repair it to reap a benefit of $42,563.03 (labor and materials).  This lawsuit has been filed to ask this Court to determine whether the Defendant performed unnecessary services to benefit itself at the expense of Plaintiff, and to hold Defendant accountable for its fraud.



A TRUE COPY
I hereby certify
Bobbie Davis
COUNTY CLERK
PANOLA COUNTY, TEXAS
JACKIE McDONALD
DEPUTY CLERK
26 Page of 34 Pages
JAN 0 4 2024

## II. Discovery Control Plan

2.      Plaintiff pleads that discovery should be conducted under Level 1, TEX. R. CIV. P. 190.4 and in accordance with a discovery control plan tailored to the circumstances in this suit.

## III. Parties and Service

3.      Plaintiff Bigfoot Energy Services, LLC, is a Texas Limited Liability Company with its principal office located in Carthage, Panola County, Texas.

4.      Defendant Diamond Construction, Inc., is a Louisiana business corporation, and may be served with process through its registered agent, Robert S. Haynes, 27687 Highway 157, Shongaloo, Louisiana 71072, or wherever he may be found.

## IV. Venue and Jurisdiction

5.      This is a suit for declaratory relief, pursuant to the Texas Declaratory Judgment Act ("TDJA"), and fraud concerning an invoice for payment for alleged repair services on a trailer. Venue is proper in Panola County, Texas the Parties' performance concerning these services took place, in whole or in part, in this County.

6.      The damages and relief sought by Plaintiff are within the jurisdictional limits of the court. Plaintiff seeks monetary relief of less than $65,000, inclusive of attorneys' fees.

7.      This Court has personal jurisdiction over Defendant because Defendant conducted business in Panola County with a Panola County-based company; Defendant solicited Plaintiff's business in Panola County, Texas; and Defendant committed fraud in Panola County, Texas by submitting an invoice for payment to Plaintiff in this County for services that never should have been performed.

## V. Factual Background

8.      As noted in the summary above, this declaratory judgment and fraud action concerns the Parties' dispute about welding and repair services Defendant allegedly made to a

2

A TRUE COPY
I hereby certify
Bobbie Davis
COUNTY CLERK
PANOLA COUNTY, TEXAS
JACKIE McDONALD
DEPUTY CLERK

JAN 0 4 2024

trailer owned by Plaintiff.

9.      On July 12, 2023, Defendant submitted Invoice No. 114301 to Bigfoot at its place of business located at 932 South Shelby Road, Carthage, Texas 75633, for repair services allegedly performed on a trailer owned by Plaintiff.  The invoice described 261 hours of work, and a total bill of $45,999.99.  See Exhibit 1, attached hereto, the invoice in question.

10.     The repair work on Plaintiff's trailer never should have been performed by Defendant.  Instead, Defendant should have told Plaintiff that its trailer had been totaled, since the repair costs exceeded 75% of the cash value of the trailer.  Even if a new trailer cost of $50,000 is used as a value metric, the repair costs exceeded this 75% threshold.  Alternatively, the value of the repair costs plus the salvage value of the trailer exceeded the fair market value of the used trailer Defendant repaired.  Thus, under any metric, repairs never should have been performed.

11.     Instead of advising Plaintiff that repairs should not have been performed because the trailer was rendered a total loss, Defendant performed the repairs.  This action only served to benefit Defendant since it stood to gain $42,563.03.

12.     In any event, Defendant performed work that never should have been done to repair the trailer, and its invoice represents an excessive and unreasonable charge.  Defendant knew this, but proceeded to perform the work and submitted a fraudulent invoice to Plaintiff.

13.     The Parties attempted to work out these issues; however, these attempts failed and this lawsuit had to be filed.

## VI. Causes of Action

A.      **Declaratory Judgment.**

14.     Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

15.     Pursuant to the TDJA, Plaintiff asks this court to determine whether Defendant

3

A TRUE COPY
I hereby certify
Bobbie Davis
COUNTY CLERK
PANOLA COUNTY, TEXAS
JACKIE McDONALD
DEPUTY CLERK

Page of 3A Pages

JAN 0 4 2024

should be paid its excessive invoice. A justiciable controversy of sufficient immediacy and reality exists between Plaintiff and Defendant, warranting this Court's declaration of the Parties' rights, status or other legal relations concerning this disagreement. Plaintiff is further entitled to recover its reasonable and necessary attorney's fees as are equitable and just pursuant to Section 37.009 of the Texas Civil Practice and Remedies Code.

16.   In the alternative, if this Court finds that Defendant performed compensable work, then it should determine the amount that Plaintiff should pay Defendant. Plaintiff contends that the invoiced amount is patently unreasonable, given these circumstances (total loss), and that the invoice should be significantly reduced, if not vitiated by Defendant's fraud. For example, the average U.S. welder makes $50,000/year. This represents a $25/hour labor cost. Defendant more than tripled this amount by charging Plaintiff $85/hour. Plaintiff never agreed to this rate in any purchase order (no purchase order is reflected in the invoice), and the rate represents an excessive fee for welding services in Louisiana. Likewise, the materials were substantially overpriced, and Defendant did not include line items for the materials used and cannot reasonably justify these costs.

**B.   Claim for Attorney's Fees under TDJA.**

17.   Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

18.   As a result of the need for a judicial declaration of the Parties' here, Plaintiff has been compelled to engage the services of the law firm of O'Conor, Mason & Bone, P.C., licensed attorneys, to represent Plaintiff in this matter, and have further agreed to pay said attorneys a reasonable fee for their services. Plaintiff seeks recovery of its reasonable and necessary attorney's fees and costs incurred in the prosecution of Plaintiff's case as are equitable and just pursuant to Section 37.009 of the Texas Civil Practice & Remedies Code.

A TRUE COPY
I hereby certify
Bobbie Davis
COUNTY CLERK
PANOLA COUNTY, TEXAS
JACKIE McDONALD
DEPUTY CLERK

29 Page of 34 Pages

JAN 0 4 2024

C.    **Claim for Fraud.**

19.    Plaintiff incorporates by reference all preceding paragraphs as if fully set forth

herein.

A.    **The defendant made a representation to the plaintiff.**

20.    Defendant, by and through its employees and authorized agents, represented to

Plaintiff that its trailer should be repaired.

B.    **The representation was material.**

21.    Defendant's representation was material to Plaintiff's decision to repair the

trailer.  However, Defendant knew upon its inspection of the trailer that the anticipated repair costs

rendered the trailer a total loss.

C.    **The representation was false.**

22.    Defendant falsely represented that the trailer should be repaired.  It knew that the

cost of repair rendered the trailer a total loss.

D.    **When the defendant made the representation, the defendant: (a) knew the representation was false, or (b) made the representation recklessly, as a positive assertion, and without knowledge of its truth.**

23.    Defendant represented that the trailer should be repaired when its visual inspection

of the trailer established that it was a total loss.  Defendant knew its representation about repair

was false or made the representation recklessly, as a positive assertion, and without knowledge

that the repairs should not be undertaken.

E.    **The defendant made the representation with the intent that the plaintiff act on it.**

24.    Defendant made its representation that the trailer should be repaired with the intent

that Plaintiff would act on it.  Defendant knew that the trailer should not be repaired based upon

its visual inspection of it.  Plaintiff reasonably thought that Defendant knew how to make these

5

A TRUE COPY
I hereby certify
Bobbie Davis
COUNTY CLERK
PANOLA COUNTY, TEXAS
JACKIE McDONALD
DEPUTY CLERK

evaluations and relied upon this representation to repair the trailer.  In fact, Defendant hid from Plaintiff that the repairs would only serve Defendant's interests.

**F.**     **The plaintiff relied on the representation.**

25.     Plaintiff relied upon Defendant's representation that repairs should be affected to Defendant's trailer.

**G.**     **The representation caused the plaintiff injury.**

26.     Defendant caused Plaintiff injury as follows:  (1) the repairs never should have been made and Plaintiff received a $45,999.99 repair cost that it should not have received; (2) Plaintiff pledged the trailer to a creditor that now insists on a return of the trailer, yet Defendant is holding it hostage while it claims, wrongfully, that Plaintiff is indebted to Defendant, resulting in a double liability to Plaintiff on this single trailer; and (3) the costs Defendant billed were patently unreasonable, as described above.

### VII. Conditions Precedent

27.     All conditions precedent to Plaintiff's claims for relief have been performed, have occurred, or have been waived.

### VIII. Prayer

28.     WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that, upon final hearing hereof, the Court render final judgment against Defendant, and that Plaintiff be granted the following relief:

a.     A judgment from the Court declaring Plaintiff owes nothing on the disputed invoice; alternatively, that the invoice is unreasonable and finding that reductions are required;

b.     An award of Plaintiff's reasonable and necessary attorneys' fees and expenses incurred in the prosecution of Plaintiff's case as are equitable and just pursuant to Section 37.009 of the Texas Civil Practice & Remedies Code;

c.     All damages proximately caused by Defendant's fraud;



A TRUE COPY
I hereby certify
Bobbie Davis
COUNTY CLERK
PANOLA COUNTY, TEXAS
JACKIE McDONALD
DEPUTY CLERK

31  Page of 34  Pages

JAN 0 4 2024

d. Prejudgment and post-judgment interest as allowed by law;

e. All costs of suit; and

f. All other relief, at law and in equity, to which Plaintiff may be justly entitled.

**DATED:** November 30, 2023   Respectfully submitted,

           By: /s/ *Robert D. O'Conor*
            **Robert D. O'Conor**
            State Bar No. 15191250
            **O'CONOR, MASON & BONE, P.C.**
            1616 S. Voss, Suite 200
            Houston, Texas 77057
            Telephone: (713) 647-7511
            Facsimile: (713) 647-7512
            Email:  boconor@ombtxlaw.com

            **ATTORNEYS FOR PLAINTIFF**


A TRUE COPY
I hereby certify
Bobbie Davis
COUNTY CLERK
PANOLA COUNTY, TEXAS
JACKIE McDONALD
DEPUTY CLERK

7

Diamond Construction, Inc.

P.O. Box 7
Haynesville, LA 71038
(318)846-2641

# Invoice

| Date | Invoice # |
|------|-----------|
| 7/12/2023 | 114301 |

| Bill To | Ship To |
|---------|---------|
| BigFoot Energy Service<br>932 South Shelby<br>Carthage, TX  75633 | |

| P.O. Number | Terms | Rep | Ship | Via | F.O.B. | Project |
|-------------|-------|-----|------|-----|--------|---------|
| | Due on receipt | | 7/12/2023 | | | |

| Quantity | Item Code | Description | Price Each | Amount |
|----------|-----------|-------------|------------|--------|
| 261 | Labor | Labor to refurbish crushed aluminum tank | 85.00 | 22,185.00T |
| 1 | Material | Materials to refurbish tank trailer as requested; 5 ft aluminum tank section, 12 ring ribs, 2 hose troughs, front and reat sections of hose troughs, 1 aluminum fender, 20" aluminum man way, 1 light box, 3 tombstone roll overs, 20' 2x2x1/4 aluminum sq tubing, 2 4" aluminum flat face 150 flanges, fender U-bolts, gaskets and studs, running lights and marker lights.<br>** tank trailer was pressure tested upon completion of work **<br>Sales Tax | 20,378.03 | 20,378.03T |
| | | | | 3,436.96 |

| Thank you for your business! | | | **Total** | $45,999.99 |

**EXHIBIT 1**

JAN 0 4 2024

A TRUE COPY
I hereby certify
Bobbie Davis
COUNTY CLERK
PANOLA COUNTY, TEXAS
JACKIE McDONALD
DEPUTY CLERK

Filed 1/4/2024 8:35 AM
Bobbie Davis, County Clerk
Panola County, Texas
By: Jackie McDonald
3659

# G.R. (RANDY) AKIN, P.C.
## ATTORNEY - MEDIATOR

**Randy Akin** - *GRA@RandyAkin.com*
*Board Certified*
 *Texas Board of Legal Specialization*
 *Personal Injury Trial Law*
*American Board of Trial Advocacy*
*National Board of Trial Advocacy*
*Civil Trial Advocate*
**Associate: Gregory Burton** - *Greg@RandyAkin.com*

*Austin Bank Building*
*3400 West Marshall Avenue*
*Suite 300*
*Longview, Texas 75604*
*Telephone: (903) 297-8929*
*Fax: (903) 297-9046*
*www.RandyAkin.com*

January 4, 2024

Ms. Bobby Davis                                    Via EFile
Panola County County Clerk

Re:     Cause No. 3659; Bigfoot Energy Services, LLC v. Diamond Construction, Inc.

Dear Ms. Davis:

Our office is requesting a certified copy of the docket sheet and all filings in the referenced case.

Thank you for your attention to this matter.  Should you have any questions or comments, please feel free to contact me.

Sincerely,

*/s/ Brittany Ramthun*

Brittany Ramthun
Legal Assistant to Gregory Burton
/br

A TRUE COPY
I hereby certify
Bobbie Davis
COUNTY CLERK
PANOLA COUNTY, TEXAS
JACKIE McDONALD
DEPUTY CLERK

Page of      Pages

JAN 0 4 2024

# County Clerk's Certificate

**The State of Texas**

**County of Panola**

I, Bobbie Davis, County Clerk of Panola County, Texas, do hereby certify that the foregoing instrument(s) filed for record in this office in Cause No. **3659, Bigfoot Energy Services, LLC vs. Diamond Construction, Inc.** are the same as appears from the originals now on file and/or of record in the Probate Minutes of said County and State:

1. Civil Case Summary
2. Plaintiff's Original Petition
3. Citation by Certified Mail – Unexecuted
4. Request for Citation
5. Citation by Certified Mail - Executed
6. Request for Certified Copies

Given under my hand and official seal of office this the 4th day of January, 2024.

**Bobbie Davis, County Clerk**
**Panola County, Texas**

By:    **Jackie McDonald, Deputy County Clerk**